UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL M. BROWN,

          Plaintiff,                     CIVIL ACTION NO. 15-CV-11061

vs.                               DISTRICT JUDGE MARIANNE O. BATTANI

                                   MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Paul Brown seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to Social Security benefits for his physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 15). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.      Recommendation**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 13) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 15) be GRANTED. This matter should be dismissed in its entirety.

## II.      Procedural History

Plaintiff filed an application for Disability Insurance Benefits on May 7, 2011, alleging that he had been disabled since September 1, 2008, due to Hepatitis C, hemophilia A, and bilateral ankle arthritis.   (*See* TR 20, 22; docket no. 13 at 3.)   The Social Security Administration denied benefits.   (*See* TR 65-68.)   Plaintiff requested a *de novo* hearing, which was held on August 27, 2013, before Administrative Law Judge (ALJ) Oksana Xenos, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.   (TR 20-30.)   The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review.   The parties then filed their instant Motions.

## III.      Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff (docket no. 13 at 3-6), Defendant (docket no. 15 at 4-7), and the ALJ (TR 23-28) each set out a detailed factual recitation with regard to Plaintiff's medical record, Plaintiff's hearing testimony, and the VE's testimony.   Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record.   Therefore, the undersigned will incorporate the ALJ's factual recitation by reference.   Additionally, the undersigned will include comments and citations as necessary throughout this Report and Recommendation.

## IV.      Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the act through December 31, 2013; that he had not engaged in substantial gainful activity since September 1, 2008, his alleged onset date; and that he suffered from severe hemophilia, hepatitis C, and

degenerative joint disease.   (TR 22.)   The ALJ then found that his impairments did not meet or equal those listed in the Listing of Impairments.   (TR 23.)

Next, The ALJ found that Plaintiff's allegations regarding the extent of his symptoms were not wholly credible and that Plaintiff could perform sedentary work with the following additional limitations:

> [Plaintiff] can occasionally push and pull with the lower extremities; cannot climb ladders, ropes, or scaffolds; can occasionally climb stairs and ramps, stoop, kneel, crouch, and crawl; can frequently balance; can occasionally reach overhead; and should avoid hazards, such as moving machinery and unprotected heights.

(TR 23-28.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work as an inspector, sorter, or assembler.   (TR 28-29.)   Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from September 1, 2008, through the date of her decision.   (TR 22.)

## V.    Law and Analysis

### A.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.   Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.   *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).   Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.   It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.   *See Brainard*

*v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on

4

"the fifth step, proving that there is work available in the economy that the claimant can perform."
*Her*, 203 F.3d at 391.   To meet this burden, the Commissioner must make a finding "supported by
substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."
*Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).    This
"substantial evidence" may be in the form of vocational expert testimony in response to a
hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual
physical and mental impairments.'"    *Id.* (citations omitted).

## C.    Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in
conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a
sentence-four remand); and (2) a pre-judgment remand for consideration of new and material
evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six
remand)."    *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing
42 U.S.C. § 405(g)).    Under a sentence-four remand, the Court has the authority to "enter upon the
pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of
the [Commissioner], with or without remanding the cause for a hearing.    42 U.S.C. § 405(g).
Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and
a sentence-four remand for further consideration."    *Morgan v. Astrue*, 10-207, 2011 WL
2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).    Plaintiff argues that this
matter should be reversed or remanded because "the ALJ's decision lacks support based upon
substantial evidence" and because "the ALJ erred in making credibility determinations which were

not substantially supported by the record as a whole."[1]   (Docket no. 13.)

Plaintiff argues that the ALJ "relied on partial snippets of the record to impugn [his] credibility."   (Docket no. 13 at 7.)   Plaintiff asserts that the ALJ improperly discounted opinions given by a consultative examiner and Plaintiff's nurse practitioner[2] when finding that the record did not support Plaintiff's allegation that he required a cane and that the record further supports Plaintiff's allegations of spontaneous ankle bleeds, which severely limited his mobility.   (*Id.* at 7-8.)   And as noted above, Plaintiff argues that the ALJ improperly weighed his ability to perform some daily activities.   (*Id.* at 4-7.)

"An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Commissioner*, 127 F.3d 525, 531 (6th Cir. 1997).   But credibility assessments are not insulated from judicial review.   Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence.   *Id.*   An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case

---

[1] Plaintiff's brief separates these two arguments into disparate sections, but both arguments substantively focus on the ALJ's credibility determination.   For example, when arguing that the ALJ's decision is not supported by substantial evidence, Plaintiff asserts that the ALJ improperly considered Plaintiff's "work history prior to his incarceration and his ability to perform some simple activities to impugn his credibility and as 'substantial evidence' supporting the decision." (Docket no. 13 at 4-5.)   Plaintiff then contends that the ALJ did not properly weight his testimony or his daily activities in light of the record as a whole.   (*Id.* at 5-6.)   Because the ALJ considered this evidence while assessing Plaintiff's credibility, the Court will consider Plaintiff's arguments together as an attack on the ALJ's credibility determination.

[2] To the extent Plaintiff challenges the weight the ALJ afforded to each of the medical opinions in this matter, this argument is undeveloped as Plaintiff merely makes this reference in passing.   Regardless, though, the ALJ properly noted that Plaintiff's nurse practitioner is not an acceptable medical source and thoroughly explained her rationale for discounting the consultative examiner's opinion.   (TR 26, 27.)   Thus, even if Plaintiff had developed an argument related to the medical opinions of record, the ALJ's decision regarding the same is supported by substantial evidence.

record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not enough to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"  *Id.*  "The adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree.  *See id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements."   20 C.F.R. § 416.929(c)(2).   The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain.  *See* 20 C.F.R. § 416.929(c)(3); s*ee also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

After noting Plaintiff's allegations, the ALJ set forth a detailed account of Plaintiff's medical history and the opinions of his doctors.  The ALJ discussed progress notes from the Michigan Department of Corrections clinic related to Plaintiff's care while incarcerated, finding that although Plaintiff suffered from hemophilia and hepatitis C, his physical examinations were "within normal limits . . . throughout the nearly two year incarceration."  (TR 25.)  Additionally,

the ALJ found that while his doctor recommended a left ankle cheilectomy and eventually an ankle replacement, Plaintiff was still able to perform light jobs while incarcerated and several daily activities.  (TR 26.)  The ALJ also noted that while the consultative examiner acknowledged Plaintiff's use of a cane during his examination, Plaintiff did not use a cane when he visited the SSA Field Office or when he attended his hearing.   Ultimately, the ALJ summarized her findings regarding Plaintiff's credibility:

> Overall, the undersigned does not find the record supports the claimant's allegations of totally disabling symptoms, or of limitations beyond the reduced range of sedentary work outlined in this decision.  The undersigned stresses that the claimant's hemophilia is a congenital disease, and despite that condition, as well as his osteoarthrosis, the claimant was capable of performing work at the light and medium exertional levels prior to his incarceration.  In fact, the claimant stopped working prior to his incarceration due to reasons wholly unrelated to his impairments.   He testified and reported that the work was seasonal and all employees were laid off.   Moreover, the record contains no evidence of any drastic change to his treatment regimen, traumatic injury, or overall worsening ot his conditions to account of the alleged changes in his functional abilities.   Instead, the record and testimony indicate the claimant had difficult securing employment following his incarceration due to his status as a felon.   The claimant testified he attended several interviews but was rejected due to his felon status, and reported similar statements to treating sources.   The fact that his impairments did not prevent the claimant from working for the 10 years prior to his incarceration strongly suggests that if he had not been classified as a felon, he would have continued to work.   In fact, there are numerous statements throughout the record of the claimant's desire and attempts to seek employment, which are contrary to the claimant's allegations of disability.   For instance, he reported he had a job lined up following his incarceration, felt he could do a job with less physical activity, and testified he would consider returning to school fi money were available.   All of these statements suggest the claimant is not as limited as alleged in connection with this application.
>
> Finally, the claimant's statements regarding the severity and limiting effects of his symptoms are not fully credibility because they are not supported by the medical evidence of record, nor by the claimant's intact daily living activities.   While the claimant has joint pain and bleeds, the prophylactic treatment infusions have been effective in reducing his symptoms.   Moreover, he has not required any specialized treatment for his hepatitis C. . . .   Despite his testimony and the report of Dr. Said, the record as a whole does not support the need for a cane.   There was

not mention of any ambulatory assistance throughout his two-year incarceration, and the claimant was able to work several jobs at the light and medium exertional levels, which required him to be on his feet and ambulatory. . . .

Contrary to his reports of disabling limitations, the record shows he is able to care for his personal needs, shops, cleans, drives, and spends time with family and friends, engaging in activities such as video games, movies, and coffee shops. These statements suggest the claimant is not as functionally limited from a physical health standpoint, but rather, support the residual functional capacity assessed herein.

(TR 28-29 (citations omitted).)

Here, while Plaintiff may disagree with the ALJ's interpretation, her decision is supported by substantial evidence. The ALJ thoroughly analyzed Plaintiff's credibility and gave specific reasons, supported by the evidence, to make clear to Plaintiff and the Court the weight given to Plaintiff's allegations and the reason for that weight. Therefore, the ALJ's credibility determination should not be disturbed, and Plaintiff's Motion should be denied.

## VI.   Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 13) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 15) should be GRANTED.   This matter should be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated:   April 12, 2016                    s/ Mona K. Majzoub_____
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated:   April, 12, 2016                   s/ Lisa C. Bartlett
                                           Case Manager